RULEY, JUDGE:
Claimant, Gregory K. Lipscomb, filed this claim against the Department of Highways in the amount of $200.00 for damages to his 1974 Alfa Romeo Veloce automobile sustained on Feb *323 ruary 15, 1978. At approximately 11:30 p.m., the claimant was driving his automobile at 45-50 miles per hour southbound on Corridor G, also known as Route 214, between MacCorkle Avenue and Oakwood Road in Charleston, West Virginia. The road is a four-lane highway. At the intersection of Route 214 and Hickory Road, the claimant encountered ice on both southbound lanes. He lost control of his automobile and slid sideways into the median strip where his automobile was damaged by ice and snow piled there.
Claimant testified that he drove this road two to four times a day and that he had noticed ice on the road before, but not to the extent found at the accident. He further stated that on the night of the accident, there was ice and snow along the highway, but none on the roadway, except at the accident scene. No evidence was introduced to prove knowledge, either actual or constructive, that respondent was aware of the ice on the highway. The law is well established in West Virginia that the State is neither an insurer nor a guarantor of the safety of persons traveling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947); Jeter v. Dept. of Highways, 11 Ct. Cl. 154 (1976). Before the respondent can be held liable, there must be some showing that the respondent knew or should have known of the existence of ice on the highway. See Keith v. Dept. of Highways, 12 Ct. Cl. 199 (1978). Accordingly, the Court disallows this claim.
Claim disallowed.