PER CURIAM:
Claimant James W. Basham, Jr. originally filed this claim against the respondent in the amount of $7,000.00 for damages to his 1977 Mazda GLC hatchback. During the hearing, the claimant amended the amount of his claim to $1,683.19. On February 15, 1984, at approximately 9:20 a.m., claimant was operating his vehicle at 35-40 miles per hour en route to Concord College, on Route 20 south of Hinton, near Pipestem, Summers County. The road is a two-lane, blacktop highway. fhe claimant encountered ice. His car had swerved to the left-hand side of the road, whereupon it hit the berm, flipped and skidded approximately 150-200 feet.
Fhe claimant testified that, at the time of this incident, the temperature was between 45 and 50 degrees. He was en route to Concord College where he was a student. He described the ice as being "black ice." He travelled this route frequently and had encountered "black ice" prior to this occasion. On this particular day, the claimant had observed a couple of small patches of ice, but was unaware of the ice at the location of the accident.
Fhe claimant alleged that the respondent had been notified of the dangerous condition of this road. However, no evidence was introduced to establish knowledge, either actual or constructive, that respondent was aware of the ice on the highway.
Fhe law is well established in West Virginia that the State is neither an insurer nor a guarantor of the safety of persons travelling on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947); Lipscomb v. Dept. of Highways, 12 Ct.Cl. 322 (1979). Before the respondent may be held liable, there must be evidence that the respondent knew or should have known of the existence of ice on the highway. Accordingly, the Court disallows this claim.
*114 Claim disallowed.