PER CURIAM:
The claimants seek compensation for loss of a camper and numerous items of personal property resulting when a large sink hole opened along WV Route 20 in Hinton, Summers County. The Court is of the opinion that the sink hole was an unforeseeable event and denies the claim as stated more fully below.
The claimants kept a 12-foot, 1973 box shell camper at a relative’s home in Hinton, on Route 20 between 12lh and 13,h avenues. The camper was parked approximately 25 feet from the center of Route 20 in this location. On December 2, 1996, a large sink hole opened along the road when an underground box culvert collapsed. The sinkhole appeared to be approximately 30 feet deep. The trailer was pulled into the hole and destroyed. Numerous items of hunting and camping gear were also lost. The claimants did not carry insurance on the trailer or its contents and seek compensation in the amount of $3,000.00
The evidence adduced at hearing established that the cause of the sink hole was the collapse of a six-foot box culvert running underneath the road. This culvert was approximately 400 feet long and extended underneath portions of Route 20, several private lots and a city street. The respondent’s right of way extended for 20 feet on each side of the center line along Route 20. The respondent’s position is that the sinkhole was caused by unforeseeable culvert failure just off the respondent’s right of way on private property, and that it should not be held liable.
The evidence established that culverts of this type are common throughout the State and that many of these culverts were built before the respondent assumed responsibility for county *87 roads in 1933. The respondent had no procedure for checking culverts or other subsurface drainage structures that are less than 10 feet in length beneath the road surface. Instead, the respondent’s practice was to look for signs of subsurface failure, such as cracking or buckling in the pavement, prior to initiating repairs. The evidence indicates that the sink hole developed suddenly and without warning and that the respondent was unaware that box culvert had collapsed.
It is well established that the state is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (1947). The Court has ruled in numerous contexts that in order to hold the respondent liable for road defects that the claimant must prove that the respondent knew or had reason to know of the road hazard and had a reasonable opportunity to take remedial action. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986) pothole; Pritt vs. Dept,. of Highways, 16 Ct. Cl. 8 (1985) pothole; Coburn vs. Dept. of Highways, 16 Ct. Cl. 68 (1986) rock fall; Basham vs. Dept. of Highways, 16 Ct. Cl. 113 (1986), ice; Britton vs. Dept. of Highways, (CC-89-229) unpublished opinion issued March 26, 1990, expansion joint.
The Court finds that this sink hole was unforeseeable and that the respondent had no actual or constructive notice that a sink hole would occur at this location. Therefore, in accordance with the law established in prior decisions, the Court is of the opinion to and does hereby deny this claim.
Claim disallowed.